IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TRAVIS SMITH,                          )
                                       )
    Petitioner,                    )
                                       )
                           No. 2:24-cv-02431-TLP-tmp
v.                                     )
                                       )
DEMETRIC GODFREY, Warden,              )
                                       )
    Respondent.                    )

---

**ORDER GRANTING MOTION TO DISMISS, DISMISSING WITH PREJUDICE
THE PETITION PURSUANT TO 28 U.S.C. § 2254, DENYING A CERTIFICATE
OF APPEALABILITY, CERTIFYING AN APPEAL WOULD NOT BE
TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

---

Travis Smith[1] petitioned under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1 at PageID 71.) He paid the $5.00 habeas filing fee. (ECF No. 5.) The Court directed Respondent to respond to the § 2254 Petition and file the state-court record. (ECF No. 6.) In November and December 2025, the Court granted Respondent's Motions for Extension of Time to Respond to the § 2254 Petition. (ECF Nos. 10, 12.) Respondent then filed the state court record timely (ECF No. 13), and moved to dismiss the § 2254 Petition (ECF No.

---

[1] When Petitioner filed the § 2254 Petition, Tennessee Department of Correction ("TDOC") confined him at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, and assigned him TDOC inmate number 419912. (ECF No. 1 at PageID 1; ECF No. 1-2 at PageID 73.) According to the TDOC Felony Offender Information website, TDOC continues to confine Petitioner at the HCCF. *See Search*, TN Department of Correction Felony Offender Information https://foil.app.tn.gov/foil/search.jsp (inmate identification number 419912) (last accessed Apr. 8, 2026).

14).  Petitioner did not respond to the Motion to Dismiss, and the deadline for doing so has

expired.  (*See* ECF No. 6 at PageID 84.)

For the reasons stated below, the Court (1) **GRANTS** the Motion to Dismiss and (2)

**DENIES** the § 2254 Petition **WITH PREJUDICE** because it is time-barred.

### STATE COURT PROCEDURAL HISTORY

On August 9, 2011, a grand jury in Shelby County, Tennessee, indicted Petitioner on one

count of rape of a child, in violation of Tenn. Code Ann. § 39-13-522 ("Charge").  (ECF No. 13-

1 at PageID 108–09;) *see also State v. Smith*, No. W2015-02360-CCA-R3-CD, 2017 WL

1959500, at *1 (Tenn. Crim. App. May 11, 2017) ("*Smith I*"), *perm. app. denied* (Tenn. Sept. 22,

2017).  Petitioner chose to go to trial and, on June 11, 2015, the jury found Petitioner guilty of

the Charge.  (ECF No. 13-5 at PageID 581.)  On November 13, 2015, the trial court sentenced

Petitioner to twenty-five years in prison.  (ECF No. 13-1 at PageID 215); *see also Smith I*, 2017

WL 1959500, at *8.

Petitioner appealed.  (ECF No. 13-9.)  On May 11, 2017, the Tennessee Court of

Criminal Appeals ("TCCA") affirmed Petitioner's conviction and sentence.   (ECF No. 13-12 at

PageID 808–31; ECF No. 13-13 at PageID 832); *see also Smith I*, 2017 WL 1959500, at *1, *17.

Petitioner applied for discretionary review with the Tennessee Supreme Court ("TSC").  (ECF

No. 13-14 at PageID 833–44.)  On September 22, 2017, the TSC denied permission to appeal.

(ECF No. 13-15 at PageID 869.)  Petitioner did not seek certiorari review with the United States

Supreme Court.

Petitioner then petitioned pro se for post-conviction relief in the Shelby County Criminal

Court.  (ECF No. 13-16 at PageID 873–84 ("PCR Petition")); *see id*. at PageID 873 (stamped by

the post-conviction trial court as filed on February 6, 2018); *see id*. at PageID 883 (Petitioner

dated the PCR Petition as having been signed on January 31, 2018).)  Petitioner attested that he gave the PCR Petition to prison authorities for mailing on January 31, 2018.  (*Id*.)  Appointed counsel amended the PCR Petition several times.  (ECF No. 13-16 at PageID 894–99 (February 28, 2019, amendment)); *id*. at PageID 980–90 (July 7, 2020, amendment); *id*. at PageID 992–99 (July 14, 2021, amendment); *id*. at PageID 1001–09 (March 16, 2022, amendment).)  Following an evidentiary hearing on March 17, 2022 (ECF No. 13-17), the post-conviction court denied relief on June 10, 2022.  (ECF No. 13-16 at PageID 1011–19; ECF No. 13-18 at PageID 1060–66.)

Because the trial court denied his petition, Petitioner appealed the denial of post-conviction relief to the TCCA.  (ECF No. 13-16 at PageID 1020; ECF No. 13-19 at PageID 1067–83.)  On April 12, 2023, the TCCA affirmed the judgment of the post-conviction trial court.  (ECF No. 13-21 at PageID 1110–22); *see also Smith v. State*, No. W2022-00912-CCA-R3-PC, 2023 WL 2906355, at *1, *9 (Tenn. Crim. App. Apr. 12, 2023) ("*Smith II*").  After the TCCA ruling, Petitioner did not seek discretionary review by the TSC.

## THE § 2254 PETITION

Petitioner did not date the § 2254 Petition or note when he placed it in the HCCF mail system to send to the Court.  (*See* ECF No. 1 at PageID 70–71 (leaving blank Petitioner's attestation on the § 2254 Petition ("[….] hereby executed the above date on this date of ___ June 2024") and omitting the date Petitioner signed the § 2254 Petition's Certificate of Service ("[…] [e]xecuted on this ___ date of June 2024").)  But Petitioner notarized the § 2254 Petition on June 13, 2024.  (*Id*. at PageID 71.) The HCCF mailroom stamped the § 2254 Petition's mailing envelope on June 17, 2024.  (ECF No. 1-2 at PageID 74.)

The Clerk of this Court received the § 2254 Petition on June 20, 2024.  (ECF No. 1 at PageID 1.)  Petitioner asserts seven claims for habeas relief: (1) ineffective assistance of counsel ("IAC") for failure to investigate (*id.* at PageID 29–31); (2) IAC on direct appeal (*id*. at PageID 31–40); (3) IAC "for failing to adequately support preserved issues for appellate review" (*id*. at PageID 40–42); (4) IAC "for failure to find[,] subpoena and prepare witnesses for trial purposes" (*id*. at PageID 42–47, 70); (5) IAC "for failure to cross-examine witnesses at trial" (*id*. at PageID 48–52); (6) "prosecutorial vindictiveness" (*id*. at PageID 52–53); and (7) "sentencing violation" (*id*. at PageID 53–61, 70).  Petitioner seeks a new trial.  (*Id*. at PageID 61.)

## THE MOTION TO DISMISS

In the Motion to Dismiss, Respondent argues that the § 2254 Petition is untimely (ECF No. 14-1 at PageID 1128–30) and that there is no basis for equitable tolling (*id*. at PageID 1130–31).

In the § 2254 Petition, Petitioner acknowledges that his habeas claims are untimely.  (ECF No. 1-1 at PageID 72.)  He alleges that "[i]t has been very hard for me to get time at the law library to work on this Petition."  (*Id.*)

## ANALYSIS

### I.    The § 2254 Petition Is Untimely

There is a one-year statute of limitations for petitioning for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In this case, the running of the limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  State convictions ordinarily become "final" when the time expires for petitioning for a writ of certiorari from a decision of the highest state court on direct

4

appeal.  *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

The TCCA affirmed the judgment of the trial court on May 11, 2017 (ECF No. 13-12 at PageID 808–31; ECF No. 13-13 at PageID 832), and the TSC denied discretionary review on September 22, 2017.  (ECF No. 13-15 at PageID 869); s*ee also Smith I*, 2017 WL 1959500, at *1, 17.  Petitioner's conviction therefore became final on Thursday, December 21, 2017.  *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Sup. Ct. R. 13.1 (allowing petitioner ninety days from "entry of the judgment or order sought to be reviewed" to timely petition for certiorari).  The running of the § 2254 limitations period began on Friday, December 22, 2017.  Under § 2244(d)(1)(A), Petitioner had one year, or until Monday, December 24, 2018[2] to petition for habeas relief.

The limitations period is tolled while a properly filed state petition for post-conviction or other collateral relief is pending.  28 U.S.C. § 2244(d)(2).  Petitioner petitioned pro se for post-conviction relief on February 6, 2018.  (ECF No. 13-16 at PageID 873.)  By then, forty-six days of the habeas limitations period had run.  The limitations period remained tolled until the termination of the post-conviction proceedings.

On April 12, 2023, the TCCA affirmed the post-conviction trial court's dismissal of the PCR Petition.  (ECF No. 13-21 at PageID 1110–22); *see also Smith II*, 2023 WL 2906355, at *1, *9.  Because Petitioner did not seek discretionary review by the TSC, the post-conviction proceedings ended when Petitioner's right to seek discretionary review in the TSC expired—

---

[2]  Because the last day of the limitations period fell on a weekend (*i.e.*, Saturday, December 22, 2018), the AEDPA clock expired the next business day – *i.e.*, Monday, December 24, 2018.  *See* Fed. R. Civ. P. 6(a)(1)(C).

Monday, June 12, 2023,[3]—sixty days after the TCCA affirmed the judgment of the post-conviction trial court and entered judgment—on April 12, 2023. *See* Tenn. R. App. P. 11(b). The AEDPA clock resumed on Tuesday, June 13, 2023. That left three hundred and nineteen days remaining in the limitations period. *See DiCenzi v. Rose*, 452 F.3d 465, 468–469 (6th Cir. 2006) (when the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew). The final day for Petitioner to file a habeas petition here therefore was Monday, April 29, 2024.[4]

Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988) and the Sixth Circuit's extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. To determine whether the § 2254 Petition is timely, the Court liberally considers June 13, 2024—*i.e.*, the earliest of the dates marked on the § 2254 Petition's signature page and the Certificate of Service (ECF No. 1 at PageID 70–71)—as the date Petitioner filed the § 2254 Petition. *See Houston*, 487 U.S. at 270.

But June 13, 2024, was forty-five days beyond the expiration of the one-year habeas limitations period—April 29, 2024.[5] The § 2254 Petition is therefore untimely under §

---

[3] Petitioner's right to seek discretionary review in the TSC expired on Sunday, June 11, 2023. Because the last day of the time fell on a weekend, the AEDPA clock resumed the next business day – *i.e.*, Monday, June 12, 2023. *See* Tenn. R. App. P. 21(a); Fed. R. Civ. P. 6(a)(1)(C).

[4] Because the last day of the time fell on a weekend (*i.e.*, Saturday, April 27, 2024), the AEDPA clock expired the next business day—Monday, April 29, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

[5] Where, as here, a state post-conviction petition was timely filed, it is unclear whether Tenn. Sup. Ct. R. 28 § 2(G)'s prison mailbox rule for post-conviction petitions applies. *See Blacksmith v. Mays*, No. 3:20-cv-00036, 2023 WL 2027803, at *2 n.2 (M.D. Tenn. Feb. 15, 2023); *Walls v. Fisher*, No. 4:22-cv-00042, 2023 WL 149984, at *2 n.1 (E.D. Tenn. Jan. 10, 2023); *Frelix v. Perry*,

2244(d)(1), and the Court must dismiss it unless Petitioner demonstrates he is entitled to

equitable tolling.

## II.      Equitable Tolling Does Not Apply

Petitioner seems to suggest that equitable tolling should apply to the untimely § 2254

Petition:

> It has been very hard for me to get time at the law library to work on this Petition.
> To begin with, we have a very small, poorly equipped law library here at the HCCF.
> To make matters worse, we spent a lot of time on lockdown, for a variety of reasons.
> Shakedowns, assaults on inmates and staff, and drug overdoses.  I am sincerely
> asking the Court to review my writ of habeas corpus despite its lateness due to these
> unforeseen obstacles.

(ECF No. 1-1 at PageID 72.)  Respondent notes that "the prison conditions described by

Petitioner are typical for most *pro se* petitioners" and do not constitute extraordinary

circumstances justifying equitable tolling.  (ECF No. 14-1 at PageID 1130–31.)

Section 2244(d)(1)'s one-year statute of limitations is not jurisdictional and is subject to

equitable tolling in extraordinary circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010);

*Carlisle v. Burt*, No. 20-1983, 2021 WL 1400900, at *2 (6th Cir. Jan. 12, 2021); *Ogle v. Parris*,

No. 20-5630, 2020 WL 7346030, at *2 (6th Cir. Nov. 10, 2020).  "The doctrine of equitable

---

No. 3:22-cv-00178, 2022 WL 2252960, at *2 n.2 (M.D. Tenn. Jun. 22, 2022).  The Court need not
decide whether Rule 28 § 2(G) applies in Petitioner's case.  The § 2254 Petition is untimely, even
using the prison mailbox rule for the PCR petition's filing date.

That is, if the Court construes the PCR petition as filed on January 31, 2018—*i.e.*, when
Petitioner verified it under oath, had it notarized, and presumably placed it in the prison mail
system (ECF No. 13-16 at PageID 883)—the habeas statute of limitations ran for forty (40) days
from December 22, 2017 (commencement of the § 2254 limitations period) to January 31, 2018
(when Petitioner verified under oath his PCR petition).  When Petitioner's right
to seek discretionary review in the TSC expired on Monday, June 12, 2023, and post-conviction
proceedings therefore ended (*i.e.*, sixty days after the TCCA affirmed denial of post-conviction
relief on April 12, 2023), three hundred and twenty-five days remained in the habeas limitations
period.  The final day for Petitioner to petition was Friday, May 3, 2024.  Under this analysis,
Petitioner petitioned forty-one days after the habeas limitations period expired.

tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-

mandated deadline unavoidably arose from circumstances beyond that litigant's

control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks

omitted). Even so, "the doctrine of equitable tolling is used sparingly by federal courts." *Id.* at

784.

"The party seeking equitable tolling bears the burden of proving he is entitled to

it." *Id.* A petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)); *see also id.* at 653 ("The diligence required for equitable tolling purposes is 'reasonable

diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks

omitted). To establish diligence, a petitioner must present evidence showing reasonable efforts

to timely file his action. The Sixth Circuit has explained that "the statute of limitations may only

be tolled where the circumstances are both beyond the petitioner's control and unavoidable even

with due diligence." *Robinson v. Easterlin*g, 424 F. App'x 439, 442 (6th Cir. 2011) (internal

quotation marks omitted).

Petitioner does not meet his burden of proving an entitlement to equitable tolling.

### A.    No Showing of Extraordinary Circumstances

Petitioner claims that it "has been very hard for me to get time at the law library to work

on this Petition" (ECF No. 1-1 at PageID 72), but "a prisoner's limited access to the prison

law library is not an extraordinary circumstance" for entitlement to equitable tolling. *See Hill-*

*Williams v. Fitz*, No. 25-5631, 2025 WL 3965465, at *2 (6th Cir. Dec. 12, 2025) (citing *Jones v.*

8

*United States*, 689 F.3d 621, 627 (6th Cir. 2012); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751–52 (6th Cir. 2011)).

The Sixth Circuit has explained, "even if th[e] [law library access] exception exists, [a] prisoner must explain how his lack of access impeded him from complying with the statute of limitations." *Hill-Williams v. Fitz*, 2025 WL 3965465, at *2 (citing *Simmons v. United States*, 974 F.3d 791, 798 (6th Cir. 2020) (holding that a "conclusory assertion that the lack of access 'prevented him' from filing" a timely petition does not demonstrate an unconstitutional impediment)); *accord Krusley v. Caudill*, No. 25-5054, 2025 WL 2061983, at *2 (6th Cir. June 24, 2025) ("Courts have consistently held that general allegations of ... lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition") (citing *Andrews v. United States,* No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017)).

Petitioner alleges no facts showing that extraordinary circumstances prevented him from petitioning here timely. For example, he does not provide the dates and number of occasions he unsuccessfully tried to access the HCCF's law library, the specific purposes for which he required library resources, or the particular reasons why he could not use the library on specific dates. (*See* ECF No. 1-1 at PageID 72.) He does not identify the date when he first began work on his habeas claims. (*Id*.) Petitioner's "general allegation that he lacked access to a law library does not adequately explain how he was prevented from timely filing his petition. He did not allege any specific facts about the extent or duration of any prison lockdown or explain how the [] restrictions prevented his timely filing." *See Davis v. Perry*, No. 25-5638, 2025 WL 4036284, at *2 (6th Cir. Nov. 14, 2025) (citing *Sloan v. United States*, No. 22-3808, 2023 WL

9

6296602, at *2 (6th Cir. Mar. 31, 2023) (concluding that equitable tolling was not warranted based on lack of access to law library because of COVID-19 restrictions where prisoner failed to "explain[ ] why the limited access was insufficient for him to prepare his [habeas petition] within a year")).

Petitioner also fails to show how "[s]hakedowns, assaults on inmates and staff, and drug overdoses" (ECF No. 1-1 at PageID 72) affected him and prevented him from meeting the habeas statute of limitations.  In any event, "most courts have concluded that prison lockdowns and the resulting denial of access to legal materials do not amount to extraordinary circumstances supporting equitable tolling."  *Banzant v. United States*, No. 2:13-cv-02795, 2016 WL 3582210, at *4 (W.D. Tenn. Jun. 28, 2016).

In short, Petitioner "has not explained how or why his limited access to the prison law library prevented him from filing his petition on time."  *See Hill-Williams v. Fitz*, 2025 WL 3965465, at *2.

### B.    No Showing of Reasonable Diligence

Petitioner also fails to show that he diligently pursued his habeas rights.  For example, he identifies no actions he took to prepare the § 2254 Petition for timely filing between December 21, 2017 (when his convictions became final) and April 29, 2024 (expiration of the habeas deadline).  Petitioner provides no record of his efforts to access the HCCF law library or their dates.  (*See* ECF No. 1-1 at PageID 72.)  Petitioner's vague allegation of difficulty "get[ting] time at the law library" does not show reasonable diligence in investigating his habeas claims that is required for equitable tolling.  So he "offer[s] no explanation for his failure to [timely] file his [habeas] petition."  *See Clark v. Horton*, No. 19-1823, 2019 WL 7757173, at *2 (6th Cir. Oct. 18, 2019).

10

In sum, Petitioner fails to show that (1) extraordinary circumstances prevented him from timely filing the § 2254 Petition, and (2) he was reasonably diligent in pursuing his habeas rights.

## V.    Actual Innocence

Petitioner claims, in passing, that he "is actually innocent of the conviction[] impos[ed] [on] him." (ECF No. 1 at PageID 29.)  He does not, however, contend that he can overcome the § 2254 Petition's untimeliness under a gateway claim of actual innocence. (*See* ECF No. 1 at PageID 1–70; ECF No. 1-1 at PageID 72.)  Respondent does not address gateway actual innocence. (*See* ECF No. 14-1 at PageID 1130–31.)

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise untimely claims.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  He must also show that, given the new evidence, "it is more likely than not that no reasonable juror would have convicted him."  *Id.* at 327.  The standard for gateway actual innocence claims is "demanding."  *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare."  *Id.* at 386, 394–95 (gateway actual innocence "applies to a severely confined category"); *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) ("[T]he actual innocence exception should remain rare and only be applied in the extraordinary case").  "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the

11

court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316.)

Petitioner fails to make a gateway actual innocence claim. He does not assert his factual innocence. He presents no evidence that was not previously presented at trial. (*See* ECF No. 1 at PageID 1–70; ECF No. 1-1 at PageID 72.) He offers no "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *See McQuiggin*, 569 U.S. at 401 (*quoting Schlup*, 513 U.S. at 316).

Because the § 2254 Petition is untimely and Petitioner neither shows that he is entitled to equitable tolling nor makes a gateway actual innocence claim under *McQuiggin*, the § 2254 Petition is time-barred, and the Court **DISMISSES** it **WITH PREJUDICE**.

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason would not debate the Court's resolution of Petitioner's claims, the Court **DENIES** a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).  For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith.  The Court **DENIES** Petitioner leave to appeal in forma pauperis.[6]

**SO ORDERED**, this 1st day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[6]  If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).

13